MARGARET CALLINAN *vs.* JOHN COFFEY.

If a woman who has instituted a complaint under the bastardy act neglects to prosecute it, a person authorized by one of the alien commissioners may prosecute it, without proving any request to her to proceed with it.

MERRICK, J. This is a proceeding upon the complaint of Margaret Callinan, wherein she charged that the defendant was the father of the child of which she was then pregnant, and which if born alive would be a bastard, and prayed that he might be arrested and held to answer to her accusation. A warrant was accordingly issued against him, upon which he was brought before the magistrate. The record shows that the complainant then and there neglected further to prosecute the complaint, and that thereupon Mr. Locke, by the request of the alien commissioners, and under the authority for that purpose conferred on him by them, appeared in the case and was permitted and allowed to take upon himself the further prosecution of it, for the benefit of the Commonwealth. This record, together with the original paper, signed by H. B. Wheelwright, one of the alien commissioners, authorizing Mr. Locke to appear in and prosecute the case, was before the superior court, where the defendant

objected that there was no evidence that the complainant had neglected to prosecute her complaint, or that Mr. Locke had any right to appear and take upon himself its further control and management. They abundantly warrant the ruling that the authority of Mr. Locke was sufficiently shown by the papers in the case, and that upon the neglect of the complainant he was entitled to assume and conduct its future prosecution. Having made the complaint, it was unnecessary that she should be solicited or requested to proceed with it; either her refusal or neglect to do so created the exigency in which it became the right of the several officers and persons enumerated in the statute to intervene. A request is essential to such intervention only where the woman declines or omits to institute proceedings. Gen. Sts. *c.* 72, § 2.

But the defendant relies chiefly upon his objection that after a complaint has been made by a woman, no person other than the officers particularly enumerated in the statute can become entitled, upon her refusal or neglect to proceed with it, to come in and carry it on for the benefit of the Commonwealth. This objection cannot be sustained upon a just construction of the statute. It provides that an overseer of the poor of the place where the woman resides or has her settlement, or one of the alien commissioners, the superintendent of a state almshouse or of the hospital at Rainsford Island, or any person authorized by either of them to make the request, may make the complaint, if the woman, upon request, shall refuse or neglect to make one herself; and it then adds, that if, the complaint having been already made by her, she shall refuse or neglect to prosecute it, " either of said persons may prosecute the case to final judgment." The " said persons " thus referred to are the persons authorized by the said officers to make the request, as well as the officers themselves. § 2. Besides; even if the right of continuing such a prosecution when once begun is given exclusively to those officers, they are not required personally to appear in court and conduct it themselves any more than any other parties to a suit; but they may constitute an agent, or employ an attorney, to act for them, in their name and on their account. In

this view, the authority given to Mr. Locke by one of the alien commissioners was ample for that purpose ; and he was therefore, upon this ground, even if upon no other, properly allowed by the court to appear in the case and prosecute it to final judgment.                                          *Exceptions overruled.*

J. G. *Locke*, for the complainant, was not called upon.

W. P. *Webster*, for the defendant.